NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,      )
)
       Appellant,     )
)
v.          )     Case No. 2D16-3470
)
KENNETH G. ROGERS,    )
)
       Appellee.     )
_____)

Opinion filed August 17, 2018.

Appeal from the Circuit Court for Polk
County; Reinaldo Ojeda, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellant.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellee.

CASANUEVA, Judge.

       The State of Florida appeals an order granting Kenneth G. Rogers' motion

to correct an illegal sentence and the ensuing amended sentence. Mr. Rogers alleged

in his motion that his sixty-year prison sentence for one count of attempted sexual

battery on a child was in excess of the statutory maximum for a first-degree felony. The trial court agreed and amended the sentence to thirty years in prison. The State does not contend that the thirty-year sentence for this count was improper but instead argues that the trial court erred in refusing to sentence Mr. Rogers for two other counts of attempted sexual battery on a child. We agree that Mr. Rogers has not yet been sentenced for the other two offenses and remand for the trial court to impose sentence.

Procedural History

Mr. Rogers originally entered a plea of no contest to three counts of attempted sexual battery on a child (counts one, two, and three) and three counts of committing a lewd act on a child (counts four, five and six). Mr. Rogers was sentenced to fifteen years in prison for counts four, five and six. He was also sentenced to ten years of probation for counts one, two, and three. The original judgments and sentences were entered on December 4, 1990.

After a second violation of probation, sentencing documents were filed on February 18, 2008, reflecting a sentence of sixty years in prison for counts one, two, and three. Thereafter, the trial court granted a motion to correct sentencing error on June 17, 2011, based on its finding that the oral pronouncement of the sentence addressed only count one. Therefore, the court vacated the sentences for counts two and three, nunc pro tunc to February 18, 2008.

The 2011 order was not appealed, presumably because it correctly determined that the trial court did not pronounce a sentence for counts two and three in 2008. The transcript of the 2008 sentencing hearing reflects that the trial court only pronounced a sentence on count one because it was under the misunderstanding that

Mr. Rogers had been previously sentenced for counts two and three. After the clerk asked an inaudible question, the trial court stated, "No, those have all been - - it's only on the one Count. The others have already been time served. It's only on the one Count. Both sides agree as far as technically remain - - it's only on the one Count - - is the only Count that remains active as far as the sentencing?" The State answered, "Good question, Your Honor." The trial court then asked again, "Which was the sexual battery on a child Count?" The State responded, "I believe so." The trial court stated, "I believe all the Counts have already been subsumed by the way of the time served." Neither Mr. Rogers nor the State objected.

On March 7, 2016, Mr. Rogers filed the latest motion to correct illegal sentence, arguing that his sixty-year sentence for count one exceeded the statutory maximum of thirty years. In response to the motion, the State argued that the trial court was required to impose a sentence on counts two and three, because those counts were left without a disposition. The State noted that Florida Rule of Criminal Procedure 3.701(d)(12) mandates, "[a] sentence must be imposed for each offense."

The trial court granted Mr. Rogers' motion to correct illegal sentence, finding that the sixty-year sentence for count one was in excess of the statutory maximum for a first-degree felony. The trial court entered an amended judgment and sentence on August 4, 2016, which only addressed the attempted sexual battery charge in count one. However, on page five of the sentencing document, the trial court incorrectly "recommends/orders" that Mr. Rogers was previously sentenced for counts two and three on February 18, 2008. Further, at the hearing on the motion to correct sentence, the court found that in 2008 the judge orally sentenced Mr. Rogers to time

- 3 -

served for counts two and three. The State correctly argues that the 2008 transcript does not support the trial court's finding.

Discussion

A review of the sentencing documents in the record shows that Mr. Rogers has not been sentenced for counts two and three. Therefore, the trial court erred in refusing to sentence Mr. Rogers based on the finding that he had been previously sentenced to time served. Despite the confusion at the probation violation hearing, the court at that time did not pronounce a sentence of time served as to counts two and three. Only the sentence for count one was pronounced. The court merely noted that Mr. Rogers had served his time in prison for some of the other charges. "No, those have all been - - it's only on the one Count. The others have already been time served." Clearly, Mr. Rogers had not yet been sentenced for counts two and three. Further, even if Mr. Rogers had been verbally sentenced to time served at the 2008 hearing, the trial court still should have entered a written sentence following the 2016 hearing. We therefore affirm Mr. Rogers' sentence of thirty years in prison for count one and remand this case to the trial court to impose sentence on the remaining two counts of attempted sexual battery on a child.

Affirmed in part, reversed in part, and remanded.


SALARIO and ATKINSON, JJ., Concur.